IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

CAPTAIN TOMÁS BUSTO-
ÁLVAREZ, ET AL.,

Plaintiffs,

v.

NFENERGIA LLC, PUERTO RICO
HARBOR PILOT COMMISSION AND
JESSICA ÑECO-MORALES,

Defendants.

CIV. NO.: 25-1462 (SCC)

**ORDER**

Pending before the Court is Plaintiffs' renewed request for a temporary restraining order ("TRO"). Docket No. 34. This request comes on the heels of the impending departure and subsequent arrival of vessels carrying liquified natural gas ("LNG") to the San Juan Bay come September 28, 2025.[1]

Today, the Court facilitated discussions between the parties in the hopes of reaching an agreement that would afford the parties at least two weeks to reach an agreement that would entirely dispose of this case. After all, as the Plaintiffs have repeatedly represented, their motivation is not financial.

---

[1] Several dates have been provided to the Court regarding the departure and arrival of the LNG vessels. The Court has included the September 28 date for it is the latest date that was provided, but, since this TRO will be in effect for at least fourteen (14) days, its scope will cover any LNG vessels inbound and outbound of the San Juan Bay.

Rather, they are focused on ensuring compliance with local and federal law, as well as the safety of those living on the island of Puerto Rico.

Nevertheless, after almost three hours of discussions, an impasse was declared. While counsel for the Commission and its President, Attorney Jessica Ñeco-Morales, initially represented that they would withdraw the cease-and-desist letter at issue in this case, when they appeared before the undersigned, counsel for the aforementioned changed his tune. The withdrawal of the letter would now be contingent upon the Plaintiffs conducting the maneuvers with the lower rated and lower capacity tugboats currently present at the San Juan Bay.[2] Defendant NFEnergia, for its part, announced that it had reached an agreement with the Plaintiffs. But when the so-called agreement was announced to the Court, it was, at bottom, a repackaged argument that the tugboats currently in the San Juan Bay would provide enough safeguards for the maneuvers to be performed this Sunday and that once those maneuvers were completed, it would sit and negotiate with the Plaintiffs.

---

[2] Interestingly, the undersigned was informed that should the cease-and-desist letter be declared null and void, the Plaintiffs would be able to engage with tugboat companies that satisfy the guidelines under which they had been operating thus far.

A TRO, contrary to a preliminary injunction, may be issued *ex parte* and is of limited duration. Further, a TRO is intended, *inter alia*, to maintain the *status quo* and prevent irreparable harm until a hearing is held. *See Granny Goose Foods, Inc. v. Brotherhood of Teamsters & AutoTruck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974). At this time, the Court finds that all the elements necessary to issue a TRO are present.[3]

It finds that such extreme relief is necessary to prevent the irreparable harm tied to the performance of maneuvers of inbound and outbound LNG vessels that do not comply with the guidelines agreed upon between NFEnergia and the Plaintiffs after the Houston simulations. It also finds that if the cease-and-desist letter remains in effect, the Plaintiffs will continue to suffer irreparable harm. Through the hearings and allegations in the second verified complaint, it has been made clear to the undersigned that the cease-and-desist letter harms Plaintiffs' First Amendment rights. Furthermore, the Court notes that while it invokes Article 3.17of the Administrative Procedures Act of Puerto Rico ("LPAU"), the clear text of the letter does not meet the level of emergency that would support the Commission's reliance on that section of the LPAU. Given

---

[3] The Court points out that the posture of this TRO is rather atypical, as it was filed in the midst of the preliminary injunction hearing regarding this issue.

the parties' arguments, the evidence heard thus far, and the impending arrival of the next LNG vessel, the Court was left with no other recourse but to issue this TRO. So, considering the above, the Court **ORDERS** as follows: first, Defendant NFEnergia shall continue conducting all maneuvers in accordance with the guidelines agreed upon with the San Juan Bay Pilots after the Houston simulations, which require the use of the 80-metric-ton bollard pull escort-rated tugboats to perform the maneuvers of the LNG vessels scheduled to transit within the San Juan Bay during the next fourteen (14) days; second, the August 15, 2025 cease-and-desist letter issued by the Commission and signed by its President, Attorney Jessica Ñeco-Morales, is hereby declared null-and-void; and third, while this was not part of the relief sought by Plaintiffs, given that the cease-and-desist letter has been declared null-and-void, the Court will order Plaintiffs to reach out to tugboat companies to assist Defendant NFEnergia in identifying compliant tugboats. The Court adds this final directive because it understands that it is in the best interest of all parties to reach a resolution as quickly as possible.

A final matter remains: Will the Court order the Plaintiffs to post a bond pursuant to Federal Rule of Civil Procedure 65(c)? The answer is no. *See Int'l Assoc. of Machinists and Aerospace Workers v. E. Airlines*, 925 F.2d 6, 9 (1st Cir. 1991)

(recognizing the existence of "ample authority for the proposition that the provisions of Rule 65(c) are not mandatory and that a district court retains substantial discretion to dictate the terms of an injunction bond"). The Court recognizes that a representative for New Fortress, present during today's proceedings, requested the issuance of a seven-to-eight figure bond based on the potential monetary setbacks any order issued by the Court could have on the arrival or departure of the LNG vessels. The Court, however, understands that here, there are far greater public interest concerns at play, such as the lives of those living on the island of Puerto Rico, that far outweigh the monetary impact that Defendant NFEnergia may suffer. Accordingly, the Court will exercise its discretion and will not require that a bond be posted.

This order will remain in effect for fourteen (14) days. Fed. R. Civ. P. 65(b)(2).

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 26th day of September 2025.

S/ SILVIA CARREÑO-COLL
UNITED STATES DISTRICT COURT JUDGE